## 𝔑𝔦𝔠𝔥𝔪𝔬𝔫𝔡

### IN THE MATTER OF

### HONORABLE A. B. CARNEY, JUDGE OF THE FIRST JUDICIAL CIRCUIT.

May 2, 1944.

Present, All the Justices.

The opinion states the case.

PER CURIAM.

Pursuant to House Resolution No. 30, adopted by the House of Delegates of Virginia at the 1944 session of the General Assembly, there has been filed with this court a copy of said Resolution and a copy of the report of the

House Committee appointed pursuant to House Resolution No. 19 (the authority of which was later amended by House Resolutions, Nos. 20 and 21), and a transcript of the testimony referred to in the said resolutions and report.

House Resolution No. 30 requests that this court "after proper inquiry determine whether or not the judge of the Circuit Court of Norfolk County [Honorable A. B. Carney] should be retired under section 5 of chapter 441 of the Acts of Assembly 1942."

The pertinent part of the act referred to is as follows: "Whenever the Supreme Court of Appeals of Virginia shall have reasonable cause to believe that the judge of any court of record in this State * * * is afflicted with an illness or disability, mental or physical, which renders such judge * * * permanently incapacitated or incompetent to discharge the duties of his office, it shall be the duty of the Court to enter an order directing an inquiry to determine such judge's * * * capacity and competency. * * * Should the Court, as a result of said inquiry, find that such judge * * * due to illness or disability is permanently incapacitated or incompetent properly to discharge the duties of his office, the Court shall enter an order stating its findings, retiring such judge * * * from office and declaring vacant the office held by such judge * * * , and shall direct a certified copy thereof to be transmitted to the Governor and to the Comptroller. If such judge * * * has made the contributions as provided in section 2 of this act, he shall be entitled to receive the retirement salary provided for by" certain sections of the Code.

In the first place, we are of opinion that the matters contained in House Resolution No. 30 and in the report therein referred to are not sufficient to constitute reasonable cause for this court to believe that Judge Carney is afflicted with an illness or disability, mental or physical, which renders him permanently incapacitated or incompetent to discharge the duties of his office within the meaning of the act. The report consists mainly of charges of malfeasance and misfeasance in office by Judge Carney and the disposition of

these is not before us. We can be concerned only with his mental or physical capacity. While House Resolution No. 30 and the committee report suggest that Judge Carney may be mentally or physically incompetent to discharge the duties of his office, the testimony on which they are based does not support this conclusion. The medical testimony, consisting of that of Judge Carney's two attending physicians, is quite to the contrary. While it is true that one or two lay witnesses suggest that perhaps the Judge's mental condition may have accounted for his alleged dereliction, this suggestion is not supported by any evidence. Furthermore, he continues to preside at every term of the Circuit Court of Norfolk County without assistance from other judges. Thirty-one of the thirty-three qualified practicing lawyers in the city of Portsmouth, the county seat of Norfolk county, certify that he is competent to perform his judicial duties.

■ This being so, we are of opinion that this court is without jurisdiction under the said act to direct an inquiry into his capacity and competency.

■ In the second place, the purpose of this act is to retire and pension for his remaining years a judge who has faithfully performed the duties of his office. The General Assembly did not in our opinion intend that its beneficent provisions should be enjoyed by one who may be removed under grave charges of malfeasance or misfeasance in office.

House Resolution No. 30, formally adopted by the House of Delegates of Virginia, and the report of the House Committee contain charges of malfeasance and misfeasance in office by Judge Carney, which, if true, might compel his impeachment or removal from office. These charges have never been heard and it is not the function of this court to dispose of them. Section 54 of the Virginia Constitution provides that judges and other State officials named charged with "malfeasance in office, corruption, neglect of duty, or other high crime or misdemeanor, may be impeached by the House of Delegates, and prosecuted before the Senate which shall have the sole power to try impeachments."

Judges may also be removed from office for cause by a concurrent vote of both houses of the General Assembly. See section 104 of the Virginia Constitution.

We are of opinion that the act in question does not contemplate that, under the circumstances, this court should direct an inquiry into the mental and physical capacity of Judge Carney with the view that he be retired and pensioned for life by the State.